UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 2:09-CR-13 |
| | ) | | JUDGE GREER |
| JOSH CARR | ) | | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and defendant Josh Carr and the defendant's Attorney, Jerry W. Laughlin, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

   a) Count Five, possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1). The penalties to which the defendant will be exposed by virtue of his guilty plea are as follows: not more than five years imprisonment, $250,000 fine, two years to life on supervised release, and a $100 assessment on each count.

   Count Seven, possessing a firearm in furtherance of a drug trafficking crime. The penalties to which the defendant will be exposed by virtue of his guilty plea are as follows: mandatory minimum five year sentence which by statute must be served consecutively with the sentence imposed on the underlying offense, $250,000 fine, up to five years on supervised release,. and a $100 assessment . The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses

committed by the defendant that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time of the execution of this plea agreement.

b) In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

b) The Court may impose any lawful fine up to the statutory maximum;

c) The Court may impose any lawful term of supervised release up to the statutory maximum;

d) The Court will impose a special assessment fee as required by law; and

e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On November 24, 2008, in the Eastern District of Tennessee, the Sullivan County Drug Task Force, assisted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a search warrant at the residence of Shannon Widener and Josh Carr. Seized during the execution of the search warrant was a .410 Rossi shotgun found loaded with the hammer back and a .25 caliber, Raven Arms semi-automatic pistol. Also found during the execution of the search warrant were two glass pipes used for smoking drugs, a duffle bag containing marijuana, a bong, digital scales and sandwich bags and over $4,000.00 in U.S. currency. Also found were quantities of assorted pills and capsules. Prior to the execution of the search warrant, Shannon Widener had engaged in a recorded conversation with a confidential informant. During conversations with the informant, Widener admitted that she was a drug user and was in possession of the .25 caliber pistol charged in the indictment. On multiple occasions prior to the execution of the search warrant, Carr sold marijuana to an undercover confidential informant at the residence where he and Widener reside. Widener was present during some of these transactions.

After execution of the search warrant, Carr admitted to ATF agents that he was trafficking in marijuana and that he had been selling marijuana for two to three years. Carr stated that he started out selling small amounts and the amounts had increased through time. Carr identified his source and stated he had been buying two to four pounds every two weeks and had made approximately fifty purchases of these quantities from his current supplier. Carr also admitted that he had traded marijuana for the shotgun and that he had the gun to protect his drugs, money and family. The parties agree that the total amount of marijuana Carr was involved in distributing was at least forty kilograms, but less than sixty kilograms.

Bureau of Alcohol, Tobacco, Firearms, and Explosives has determined that the firearms charged in the indictment were manufactured outside the state of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The defendant further agrees to cooperate completely and truthfully with any and all law enforcement agents and personnel of the United States Attorney's Office. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents or personnel of the United States Attorney's Office whenever requested. The defendant further agrees not to protect anyone who was truly involved and not to falsely implicate anyone who was not truly involved in the commission of criminal offenses. The defendant further agrees to testify completely and truthfully before a federal grand jury, at any trial, or at any other proceeding if called upon by the United States to do so. Upon request by the United States, the defendant must furnish all documents, objects and other evidence in the defendant's possession, custody or control that are relevant to the United State's inquiries. The

defendant and defense counsel also knowingly, voluntarily, and intentionally waive the defendant's right (where applicable) to have defense counsel present during the course of cooperation, including questioning or court appearances.

7. To ensure the defendant's truthful cooperation, the United States agrees, except as provided below, not to use any self-incriminating information provided by the defendant pursuant to this written plea agreement against the defendant. However, nothing in this plea agreement shall be applied to restrict the use of any information, (1) known to the United States prior to entering into this written plea agreement; (2) obtained from any other source; or (3) concerning the defendant's prior criminal record. Should any of the following occur (1) the defendant provides false or materially misleading information during the course of the defendant's cooperation; (2) the defendant later moves to withdraw the defendant's guilty plea; or (3) the defendant breaches any of the terms of this plea agreement, then the United States may make use of any information provided by the defendant for any purpose in any subsequent proceeding, including grand jury, trial and sentencing phases of this case or in any other prosecutions or proceedings against the defendant.

8. At the time of sentencing, the United States may bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case.

9. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should

the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

10. The defendant agrees to pay the special assessment in this case prior to sentencing.

11. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

12. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The

defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

13. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

14. The defendant also expressly agrees that the defendant's photograph, image and/or criminal history can be publicly disclosed or displayed to further the education and deterrence goals of Project Safe Neighborhoods.

15. This agreement becomes effective once it is signed by the parties. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty plea, or violates any court order, or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the

7

agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

16. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

JAMES R. DEDRICK
United States Attorney

4-15-09
Date

By: _____
ROBERT M. REEVES
Assistant United States Attorney

4-14-09
Date

_____
JOSH CARR
Defendant

4/14/09
Date

_____
JERRY W. LAUGHLIN
Attorney for Defendant

8